UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LYNSEY PALMER | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:10-cv-00334 |
| BANK OF AMERICA, N.A., BAC | § | (JURY DEMANDED) |
| HOME LOANS SERVICING, L.P. | § | |
| AND RECONTRUST COMPANY, | § | |
| N.A. | § | |
| Defendants. | § | |

*[formerly]*

<u>NO. 10-01-00801-CV</u>

| | | |
|---|---|---|
| LYNSEY PALMER | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | 9TH JUDICIAL DISTRICT |
| BANK OF AMERICA, N.A., BAC | § | |
| HOME LOANS SERVICING, L.P. | § | |
| AND RECONTRUST COMPANY, | § | |
| N.A. | § | MONTGOMERY COUNTY, TEXAS |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE VANESSA D. GILMORE:

NOW COMES LYNSEY PALMER, Plaintiff in the above styled and numbered case, and makes this her Plaintiff's Motion for Leave to File Second Amended Complaint as follows:

# I.
# PROCEDURAL FACTS

1. On January 26, 2010, the Plaintiff filed her Plaintiff's Original Petition, Application for Temporary Restraining Order, and Temporary Injunction in the 9th Judicial District Court of Montgomery County, Texas.

2. On February 3, 2010, the Bank of America Defendants (thereafter 'BAC Defendants') filed a Notice of Removal from the 9th Judicial District Court of Montgomery Country, Texas [Document #1]. Removal was based solely on diversity.

3. On February 16, 2010, both parties, Plaintiff and BAC Defendants filed a Joint Motion for Extension of Time for Defendants' to file a response to Plaintiff's Petition [Document #3]. On February 17, 2010, said motion was granted [Document #7]. Plaintiff agreed to the Motion under the pretenses of settlement and representations that the BAC Defendants would review the loan agreement and consider assumption or modification of same. Plaintiff agreed to allow the BAC Defendants an opportunity to present a viable offer of settlement.

4. On March 26, 2010, both parties, Plaintiff and BAC Defendants filed a Second Joint Motion for Extension of Time for Defendants' to file a response to Plaintiff's Petition [Document #11]. On March 29, 2010, said motion was granted [Document #12]. As before, Plaintiff agreed to allow the BAC Defendants an opportunity to present a viable offer of settlement.

5. On or about the end of April, 2010, the BAC Defendants requested a Third Joint Motion for Extension of Time. As the BAC Defendants failed to tender a

settlement offer to Plaintiff at this time, Plaintiff declined to join the proposed motion. According to the BAC Defendant, the mortgage could not be assumed and/or modified without the express authorization by Richard Trevor Palmer, the only borrower on the July 7, 2005 Deed of Trust.  Instead, the BAC Defendants filed a Motion to Dismiss Plaintiffs' Original Petition [Document #13] on May 4, 2010.  The July 7, 2005 Deed of Trust is attached and labeled **Exhibit A** and incorporated for all purposes herein.

6. On or about May 13, 2010, Plaintiff received notice, dated May 12, 2010, from the Bank of America Defendants of their intention to foreclose on the property the subject of this suit a second time on July 6, 2010.  Addressed to both Defendant Richard T. Palmer and Plaintiff, said notice was contained in two documents: (1) A demand and acceleration of the maturity of the debt, and (2) Notice of Substitute Trustee's Sale.

7. On May 20, 2010, Plaintiff filed an Amended Complaint [Document #15]. At this time, Plaintiff did not request leave of court to file the Amended Complaint, as Plaintiff believed that leave of court was not required pursuant the Federal Rules of Civil Procedure.

8. On May 21, 2010, Plaintiff filed an Opposed Motion to Remand [Document #16].  Plaintiff requested that the Court abstain from hearing this cause of action and remand same to 9th Judicial District Court of Montgomery County, Texas, for resolution on the merits.  Plaintiff averred that with the addition of Richard Trevor Palmer as a Defendant in this action, pursuant to the May 20, 2010 Amended Complaint [Document #15], diversity becomes incomplete.

9. On June 1, 2010, the BAC Defendants filed a Response to Amended Complaint [Document # 18], Opposed Motion to Dismiss Amended Complaint [Document #19], and Response to Opposed Motion to Remand [Document #20]

10. On June 4, 2010, the Court held an Initial Pretrial and Scheduling Conference. At the hearing, the Court denied Plaintiff's Motion to Remand [Document #16], requiring that the Plaintiff request leave of court to file her Second Amended Complaint adding Richard Trevor Palmer and Richard Lee Palmer as non-diverse defendants. The Court instructed the Plaintiff to file this Motion for Leave to File an Amended Complaint.

11. On June 4, 2010, Plaintiff filed a response to the Motion to Dismiss [Document #21]. Nevertheless, in the interest of judicial economy, the Plaintiff moves for relief to amend her complaint in order to address the pleading issue raised by the Defendants and to include other parties, including Richard Trevor Palmer.

12. On or about June 7, 2010, Plaintiff received notice, dated June 4, 2010, from the Bank of America Defendants of their intention to foreclose on the property the subject of this suit a third time on August 3, 2010. Addressed to both Defendant Richard T. Palmer and Plaintiff, said notice was contained in two documents: (1) A demand and acceleration of the maturity of the debt, and (2) Notice of Substitute Trustee's Sale.

## II.
## RELIEF REQUESTED

13. The Plaintiff seeks to amend her complaint to give a more clear and definite statement of her claims. The Plaintiff also seeks to add additional parties and claims.

# III.
# ARGUMENT AND AUTHORITIES

## 1. STANDARD OF REVIEW

14. Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. Foreman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Leave to amend should be freely given when justice requires it. Fed. R. Civ. P. 15(a)(2); Foreman, 371 U.S. at 182, 82 S. Ct. at 230. Unless there is a substantial reason to deny a party leave to amend, the discretion of the District Court is not broad enough to permit denial. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981).

## 2. THIS CASE IS IN ITS INFANCY

15. This case is in its infancy. Since filing of Plaintiffs' Original Petition in the 9th Judicial District Court of Monterey County, Texas on January 26, 2010, Plaintiff has attempted to enter into a settlement offer with the BAC Defendants as evidenced by two Joint Motions for Extension of Time filed on February 16, 2010 and March 26, 2010 respectively [Document #s 3 and 11]. When the BAC Defendants failed to tender a settlement offer, the BAC Defendants have filed their Motion to Dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement. The chief complaint of the Defendants in that Motion is that the Plaintiff has failed to plead sufficient facts to support her claims and put the Defendants on notice of what they will be defending against.

16. Allowing the Plaintiff to amend her complaint is not prejudicial to the Defendants, and would be helpful to the Defendants by their own admission in their Motion to Dismiss.

### 3. AMENDMENT SHOULD BE ALLOWED TO ADD A NON-DIVERSE DEFENDANT, RICHARD TREVOR PALMER

17. Additionally, the Plaintiff has also sought to add two new parties to this case. Plaintiff proposed amended pleading, attached to this Motion as Exhibit "A," adds both Richard Trevor Palmer (thereafter "Trevor") and Richard Lee Palmer (thereafter "Lee") to this case. Both parties, subject to this court's ruling, are non-diverse defendants that render diversity incomplete. Trevor is an individual who is listed as the borrower on the Deed of Trust dated July 7, 2005 on the property the subject of this suit. Lee is an individual, acting on his own or as an agent of Trevor, that interfered with the relationship that existed between Plaintiff and the BAC Defendants.

18. Whether this court shall grant an amendment adding a new non-diverse defendant(s) is guided by <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).[1]

19. <u>Hensgens</u> provides that "[1] the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the non-diverse

---

[1] The following argument is a restatement of Plaintiff's earlier argument addressed in Document #21.

defendant, it then must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction." <u>Hensgens</u>, at 1182.

20. The material context of the amendment is that the BAC Defendants had chosen, *while this action was pending and after it had been removed*, to seek non-judicial foreclosure on July 6, 2010 and August 3, 2010, and had directed the statutory notices to Trevor as well as to Plaintiff.  In response, Plaintiff requests leave of court to join Trevor and to seek injunctive relief against the noticed foreclosure.[2]  This simple factual chronology militates strongly against any suggestion that the proposed amended complaint was a purely tactical response to Document 13 having as its sole or primary purpose the 'defeat [of] federal jurisdiction.'  *The first <u>Hensgens</u> factor favors Plaintiff's amendment.*

21. The BAC Defendants admit, as they must [see Document 18, Page 2, referencing Documents #s 3 and 11], that the parties jointly sought two 30-day extensions herein to attempt settlement.  The BAC Defendants then chose, while this action was pending and after it had been removed, to seek non-judicial foreclosure on July 6, 2010 and August 3, 2010, and directed the statutory notices to Trevor as well as to Plaintiff.  It would be disingenuous for the BAC Defendants, in light of these facts and its own acts, to contend that 'plaintiff has been dilatory in … amend[ing].'  *Thus, the second <u>Hensgens</u> factor favors Plaintiff's amendment.*

22. The BAC Defendants are not merely defending Plaintiff's initial claims herein.  They chose first to remove this case when faced with the prospect of injunctive

---

[2] Plaintiff's request for a preliminary injunction is forthcoming.

relief's being entered against them in State court, and then (this cannot be stressed enough) chose, while this action was pending and after it had been removed, to seek non-judicial foreclosure on July 6, 2010 and August 3, 2010, and directed the statutory notices to Trevor as well as to Plaintiff.  This proposed amendment seeks to hold Trevor liable for any loss and any deficiency should the threatened foreclosure go forward: it is Trevor's failure to fulfill his obligations and his attempts to evade his responsibilities, including his failure to execute the necessary documents to effect the State court property division, that have landed Plaintiff and – to an extent – the BAC Defendants in court to begin with.  Certainly, it is the combined actions of the BAC Defendants and of Trevor that threaten not only loss, but irreparable harm absent injunctive relief, to Plaintiff.  Clearly, 'plaintiff will be significantly injured if amendment is not allowed.'  *Consequently, the third Hensgens factor favors Plaintiff's amendment.*

23.   The last of the Hensgens factors is the consideration of 'any other factors bearing on the equities.'  Id.  Again, it is highly significant in this context that:

a. The initial parties are in court at all, let alone this Court, because Trevor chose not to comply with the obligations imposed upon him by a State court divorce decree;

b. The BAC Defendants chose first to remove this case when faced with the prospect of injunctive relief's being entered against them in State court, and then (this must be repeated) chose, while this action was pending and after it had been removed, to seek non-judicial foreclosure on July 6, 2010 and August 3, 2010, and directed the statutory notices to Trevor as well as to Plaintiff;

    c. If Plaintiff is not allowed to amend her complaint, she would be faced with potential deficiency exposure for which, like the foreclosure itself, she had not sought to hold Trevor accountable for despite his actions' having been materially and proximately causative of both the foreclosure, its basis, and any deficiency exposure.

It cannot colorably be contended that such a scenario would be the reverse of equitable. Moreover, this case is procedurally in its infancy, and the addition of another defendant and potential source of recovered damages favors the BAC Defendants rather than harms them. *On an equitable basis, then, the fourth Hensgens factor favors Plaintiff's amendment.*

## IV.
## CONCLUSION

    24. The BAC Defendants have asked in their Motion to Dismiss that the Plaintiff provide them with additional facts in her pleading to put the Defendants on notice of what specific claims they are defending against. It is in the best interest of all of the parties for the Plaintiff to amend her complaint. There is no prejudice to the Defendants and there is cause for the amendment. Additionally, the four <u>Hensgens</u> factors, discussed above, favor Plaintiff's requested amendment, adding Richard Trevor Palmer as a non-diverse Defendant. This Court should grant the Plaintiff leave to file an amended complaint. The Plaintiff has attached to this Motion as Exhibit "A" her proposed Plaintiff's Second Amended Complaint.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, LYNSEY PALMER, respectfully requests that this Court grant her Plaintiff's Motion for Leave to File Second Amended Complaint, and accept the Plaintiff's proposed Second Amended Complaint as attached.

Respectfully submitted,

THE OGG LAW FIRM

_____
KIM K. OGG
State Bar No. 15230200
3215 Mercer, Suite 100
Houston, Texas 77027
Phone 713.974.1600
Fax 713.621.2106
kimogg@ogglawfirm.com

**ATTORNEY FOR PLAINTIFF,
LYNSEY PALMER**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT has been served upon the following by the method indicated:

Mr. Joshua J. Bennet          *Via District Electronic Case Filing (ECF)*
Akerman Senterfitt, LLP
Plaza of the Americas, Suite S1900
600 North Pearl Street
Dallas, Texas 75201

Dated: June 10, 2010

_____
Kim K. Ogg